**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TURKEY LAKE, LLC,<br><br>                       Debtor. | **Chapter 11**<br>**Case No. 15-12091** |
| In re:<br><br>PREMIER LASER SPA OF ALBANY, LLC,<br><br>                       Debtor. | **Chapter 11**<br>**Case No. 15-12097** |
| In re:<br><br>CLEVELAND LASER SPA, LLC,<br><br>                       Debtor. | **Chapter 11**<br>**Case No. 15-12092** |
| In re:<br><br>COLUMBUS LASER SPA, LLC,<br><br>                       Debtor. | **Chapter 11**<br>**Case No. 15-12093** |
| In re:<br><br>LEXINGTON LASER SPA, LLC,<br><br>                       Debtor. | **Chapter 11**<br>**Case No. 15-12095** |
| In re:<br><br>NASHVILLE LASER SPA, LLC,<br><br>                       Debtor. | **Chapter 11**<br>**Case No. 15-12096** |

| | |
|---|---|
| In re:<br><br>PREMIER LASER SPA OF BALTIMORE, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12098** |
| In re:<br><br>PREMIER LASER SPA OF BOSTON, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12100** |
| In re:<br><br>PREMIER LASER SPA OF BOSTON II, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12099** |
| In re:<br><br>PREMIER LASER SPA OF CINCINNATI, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12101** |
| In re:<br><br>PREMIER LASER SPA OF GREENVILLE, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12105** |
| In re:<br><br>PREMIER LASER SPA OF INDIANAPOLIS, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12106** |

16872816

| | |
|---|---|
| In re:<br><br>KNOXVILLE LASER SPA, LLC,<br><br>                     Debtor. | **Chapter 11**<br>**Case No. 15-12094** |
| In re:<br><br>PREMIER LASER SPA OF LOUISVILLE, LLC,<br><br>                     Debtor. | **Chapter 11**<br>**Case No. 15-12108** |
| In re:<br><br>PREMIER LASER SPA OF PITTSBURGH, LLC,<br><br>                     Debtor. | **Chapter 11**<br>**Case No. 15-12110** |
| In re:<br><br>PREMIER LASER SPA OF VIRGINIA, LLC,<br><br>                     Debtor. | **Chapter 11**<br>**Case No. 15-12113** |
| In re:<br><br>SYRACUSE LASER SPA, LLC,<br><br>                     Debtor. | **Chapter 11**<br>**Case No. 15-31525** |
| In re:<br><br>PREMIER LASER SPA OF ORLANDO, LLC,<br><br>                     Debtor. | **Chapter 11**<br>**Case No. 15-12109** |

16872816

| | |
|---|---|
| In re:<br><br>PREMIER LASER SPA OF ST. LOUIS, LLC,<br><br>          Debtor. | **Chapter 11**<br>**Case No. 15-12112** |
| In re:<br><br>PREMIER LASER SPA OF KANSAS CITY, LLC,<br><br>          Debtor. | **Chapter 11**<br>**Case No. 15-12107** |
| In re:<br><br>PREMIER LASER SPA OF RICHMOND, LLC,<br><br>          Debtor. | **Chapter 11**<br>**Case No. 15-12111** |
| In re:<br><br>PREMIER LASER SPA OF COLUMBIA, LLC,<br><br>          Debtor. | **Chapter 11**<br>**Case No. 15-12102** |

**MOTION OF DEBTORS FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

16872816

The above-captioned debtors and debtors-in-possession (each a "<u>Debtor</u>" and,

collectively, <u>Debtors</u>") [1], by and through their proposed undersigned counsel, hereby submit this

Motion of Debtors for an Order Directing the Joint Administration of Chapter 11 Cases (the

"<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **Exhibit A**, providing

for the joint administration of Debtors' separate chapter 11 cases for procedural purposes only.

In support of this Motion, Debtors rely on the Declaration in Support of Debtors' Chapter 11

Petitions and First Day Pleadings (the "<u>First Day Declaration</u>"),[2] filed contemporaneously with

this Motion, and respectfully represent as follows:

## <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and rule-based predicates for the relief sought herein are Section

105(a) of title 11 of the United States Code (11 U.S.C. §101, *et seq*., as amended or modified)

(the "<u>Bankruptcy Code</u>"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

---

[1] Debtors, along with the last four digits of each Debtor's tax identification number are: Turkey Lake, LLC (3488)
("<u>Turkey Lake</u>"); Premier Laser Spa of Albany, LLC (3453) ("<u>Albany Laser Spa</u>"); Cleveland Laser Spa, LLC
(5481) ("<u>Cleveland Laser Spa</u>"); Columbus Laser Spa, LLC (3998) ("<u>Columbus Laser Spa</u>"); Lexington Laser Spa,
LLC (6290) ("<u>Lexington Laser Spa</u>"); Nashville Laser Spa, LLC (5715) ("<u>Nashville Laser Spa</u>"); Premier Laser Spa
of Baltimore, LLC (6976) ("<u>Baltimore Laser Spa</u>"); Premier Laser Spa of Boston, LLC (4240) ("<u>Burlington Laser
Spa</u>"); Premier Laser Spa of Boston II, LLC (4998) ("<u>Newton Laser Spa</u>"); Premier Laser Spa of Cincinnati, LLC
(7076) ("<u>Cincinnati Laser Spa</u>"); Premier Laser Spa of Greenville, LLC (1316) ("<u>Greenville Laser Spa</u>"); Premier
Laser Spa of Indianapolis, LLC (4868) ("<u>Indianapolis Laser Spa</u>"); Knoxville Laser Spa, LLC (2122) ("<u>Knoxville
Laser Spa</u>"); Premier Laser Spa of Louisville, LLC (6402) ("<u>Louisville Laser Spa</u>"); Premier Laser Spa of
Pittsburgh, LLC (8087) ("<u>Pittsburgh Laser Spa</u>"); Premier Laser Spa of Virginia, LLC (4140) ("<u>Virginia Beach
Laser Spa</u>"); Syracuse Laser Spa, LLC (6793) ("<u>Syracuse Laser Spa</u>"); Premier Laser Spa of Orlando, LLC (1227)
("<u>Orlando Laser Spa</u>"); Premier Laser Spa of St. Louis, LLC (2047) ("<u>St. Louis Laser Spa</u>"); Premier Laser Spa of
Kansas City, LLC (7938) ("<u>Kansas City Laser Spa</u>"); Premier Laser Spa of Richmond, LLC (4482) ("<u>Richmond
Laser Spa</u>"); Premier Laser Spa of Columbia, LLC (3919) ("<u>Columbia Laser Spa</u>").

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

"Bankruptcy Rules"), and Rule 1015-1 of the Local Bankruptcy Rules for the Northern District

of New York (the "Local Bankruptcy Rules" or "LBR").

## BACKGROUND

5.      On the date hereof (the "Petition Date"), Debtors each filed a voluntary petition

for relief under chapter 11 the Bankruptcy Code with the United States Bankruptcy Court for the

Northern District of New York (the "Court") commencing Debtors' chapter 11 cases

(collectively, the "Chapter 11 Cases").  On the Petition Date, Debtors also jointly filed motions

for applications seeking certain typical "first day" orders.

6.      Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.      As of the date of the filing of this Motion, no request for a trustee or examiner has

been made in any of Debtors' Chapter 11 Cases, nor has an official committee been appointed or

designated in any of Debtors' Chapter 11 Cases.

8.      The factual background relating to Debtors' commencement of these Chapter 11

Cases is set forth in the First Day Declaration filed contemporaneously with this Motion and

incorporated herein by reference.

## RELIEF REQUESTED

9.      By this Motion, Debtors seek entry of an order directing the joint administration

of these Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b)

and Local Bankruptcy Rule 1015-1.

10.     The joint administration of the Chapter 11 Cases will permit the Clerk of the

Court to utilize a single general docket for each of the Chapter 11 Cases and to combine notices

to creditors of Debtors' respective estates and other parties in interest.  Debtors anticipate that

16872816

numerous notices, applications, motions, and other pleadings, hearings and orders in these Chapter 11 Cases will affect all of Debtors.

11.     Joint administration will save time and money and avoid duplicative and potentially confusing filings by permitting parties in interest to: (a) use a single caption on all documents that will be served and filed in Debtors' Chapter 11 Cases; and (b) file pleadings in one case rather than in multiple cases.  Joint administration will also protect parties in interest by ensuring that parties in each of Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in these cases.  Joint administration of these Chapter 11 Cases will ease the administrative burden for the Court and all parties-in-interest.  Accordingly, the relief requested is warranted and will ease the administrative burden for the Court and the parties.

12.     The rights of the respective creditors of each of Debtors will not be adversely affected by joint administration of these Chapter 11 Cases because the relief sought in this Motion is purely procedural and is in no way intended to affect substantive rights.

13.     Debtors request that the Clerk of this Court maintain one file and one docket for all of the Chapter 11 Cases, which file and docket shall be the file and docket for Turkey Lake (Case No. 15-12091).

14.     In furtherance of the foregoing, Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered Chapter 11 Cases be as follows (including footnote text):

16872816

7

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>TURKEY LAKE, LLC, *et al.*,[1]<br><br>Debtors. | **Chapter 11**<br>**Case No. 15-12091 (Main Case)**<br><br>Jointly Administered |

15.     Debtors submit that use of this simplified caption will eliminate cumbersome and

confusing procedures and ensure uniformity of pleadings.

16.     In addition, Debtors also seek the Court's direction that separate docket entries be

entered on the dockets of each case to reflect the joint administration of these Chapter 11 Cases,

substantially similar to the following:

> An order pursuant to Federal rule of Bankruptcy Procedure
> 1015(b) has been entered in this case directing the procedural
> consolidation and joint administration of the chapter 11 cases of
> Turkey Lake, LLC (Case No. 15-12091); Premier Laser Spa of
> Albany, LLC (Case No. 15-12097); Cleveland Laser Spa, LLC
> (Case No. 15-12092); Columbus Laser Spa, LLC (Case No. 15-
> 12093); Lexington Laser Spa, LLC (Case No. 15-12095);
> Nashville Laser Spa, LLC (Case No. 15-12096); Premier Laser
> Spa of Baltimore, LLC (Case No. 15-12098); Premier Laser Spa of
> Boston, LLC (Case No. 15-12100); Premier Laser Spa of Boston
> II, LLC (Case No. 15-12099); Premier Laser Spa of Cincinnati,
> LLC (Case No. 15-12101); Premier Laser Spa of Greenville, LLC

---

[1] Debtors, along with the last four digits of each Debtor's tax identification number are: Turkey Lake, LLC (3488) ("Turkey Lake"); Premier Laser Spa of Albany, LLC (3453) ("Albany Laser Spa"); Cleveland Laser Spa, LLC (5481) ("Cleveland Laser Spa"); Columbus Laser Spa, LLC (3998) ("Columbus Laser Spa"); Lexington Laser Spa, LLC (6290) ("Lexington Laser Spa"); Nashville Laser Spa, LLC (5715) ("Nashville Laser Spa"); Premier Laser Spa of Baltimore, LLC (6976) ("Baltimore Laser Spa"); Premier Laser Spa of Boston, LLC (4240) ("Burlington Laser Spa"); Premier Laser Spa of Boston II, LLC (4998) ("Newton Laser Spa"); Premier Laser Spa of Cincinnati, LLC (7076) ("Cincinnati Laser Spa"); Premier Laser Spa of Greenville, LLC (1316) ("Greenville Laser Spa"); Premier Laser Spa of Indianapolis, LLC (4868) ("Indianapolis Laser Spa"); Knoxville Laser Spa, LLC (2122) ("Knoxville Laser Spa"); Premier Laser Spa of Louisville, LLC (6402) ("Louisville Laser Spa"); Premier Laser Spa of Pittsburgh, LLC (8087) ("Pittsburgh Laser Spa"); Premier Laser Spa of Virginia, LLC (4140) ("Virginia Beach Laser Spa"); Syracuse Laser Spa, LLC (6793) ("Syracuse Laser Spa"); Premier Laser Spa of Orlando, LLC (1227) ("Orlando Laser Spa"); Premier Laser Spa of St. Louis, LLC (2047) ("St. Louis Laser Spa"); Premier Laser Spa of Kansas City, LLC (7938) ("Kansas City Laser Spa"); Premier Laser Spa of Richmond, LLC (4482) ("Richmond Laser Spa"); Premier Laser Spa of Columbia, LLC (3919) ("Columbia Laser Spa").

16872816

(Case No. 15-12105); Premier Laser Spa of Indianapolis, LLC (Case No. 15-12106); Knoxville Laser Spa, LLC (Case No. 15-12094); Premier Laser Spa of Louisville, LLC (Case No. 15-12108); Premier Laser Spa of Pittsburgh, LLC (Case No. 15-12110); Premier Laser Spa of Virginia, LLC (Case No. 15-15-12113); Syracuse Laser Spa, LLC (Case No. 15-31525); Premier Laser Spa of Orlando, LLC (Case No. 15-12109); Premier Laser Spa of St. Louis, LLC (Case No. 15-15-12112); Premier Laser Spa of Kansas City, LLC (Case No. 15-12107); Premier Laser Spa of Richmond, LLC (Case No. 15-15-12111); and Premier Laser Spa of Columbia, LLC (Case No. 15-12102).  The case of Turkey Lake, LLC (Case No. 15-12091) has been designated as the "main" case and, accordingly, should be consulted for all matters affecting the chapter 11 case of this debtor.

17.     Debtors request that the Court enter an order directing that any creditor filing a proof of claim against any of Debtors or their respective estates shall file such proof of claim against the particular Debtor which such claim is asserted, and not against Debtors collectively in these jointly administered Chapter 11 Cases.

18.     Finally, Debtors seek authority to file, on a consolidated basis, the monthly operating reports required by the United State Trustee if Debtors determine, after consultation with the United States Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that consolidated reports would accurately reflect Debtors' business operations and financial affairs.

## BASIS FOR RELIEF REQUESTED

19.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Local Bankruptcy Rule 1015-1 similarly provides that an order of joint administration may be entered.  LBR 1015-1.  Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code and, accordingly, the Court has authority to grant the relief requested herein.

20.    Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein.  Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  The entry of joint administration orders in multiple related cases such as these is common in this District and elsewhere.

21.    For these reasons, Debtors submit that the relief requested herein is in the best interests of Debtors, their estates, their creditors, and other parties in interest, and therefore should be granted.

## NOTICE AND NO PRIOR REQUEST

22.    Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee for the Northern District of New York; (ii) counsel for Debtors' prepetition secured lender; (iii) Debtors' twenty (20) largest unsecured creditors as set forth in the consolidated list filed with Debtors' petitions; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, Debtors submit that no further notice is required.

23.    No prior request for the relief sought in this Motion has been made to this or any other court.

16872816

WHEREFORE, Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, providing for the joint administration of Debtors' separate Chapter 11 Cases and granting such other and further relief as the Court deems appropriate.

Dated: October 19, 2015
       Rochester, New York

**LECLAIRRYAN, A Professional Corporation**

By:    */s/Maureen T. Bass*
Maureen T. Bass, Bar Roll No. 518404
70 Linden Oaks, Suite 210
Rochester, New York 14625
Tel: (585) 270-2100
Fax: (585) 270-2179
maureen.bass@leclairryan.com

*Proposed Counsel to Debtors and Debtors-in-Possession*

**Exhibit A**

**[Proposed Order]**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TURKEY LAKE, LLC,<br><br>         Debtor. | **Chapter 11**<br>**Case No. 15-12091** |
| In re:<br><br>PREMIER LASER SPA OF ALBANY, LLC,<br><br>         Debtor. | **Chapter 11**<br>**Case No. 15-12097** |
| In re:<br><br>CLEVELAND LASER SPA, LLC,<br><br>         Debtor. | **Chapter 11**<br>**Case No. 15-12092** |
| In re:<br><br>COLUMBUS LASER SPA, LLC,<br><br>         Debtor. | **Chapter 11**<br>**Case No. 15-12093** |

| | |
|---|---|
| In re:<br><br>LEXINGTON LASER SPA, LLC,<br><br>       Debtor. | **Chapter 11**<br>**Case No. 15-12095** |
| In re:<br><br>NASHVILLE LASER SPA, LLC,<br><br>       Debtor. | **Chapter 11**<br>**Case No. 15-12096** |
| In re:<br><br>PREMIER LASER SPA OF BALTIMORE, LLC,<br><br>       Debtor. | **Chapter 11**<br>**Case No. 15-12098** |
| In re:<br><br>PREMIER LASER SPA OF BOSTON, LLC,<br><br>       Debtor. | **Chapter 11**<br>**Case No. 15-12100** |
| In re:<br><br>PREMIER LASER SPA OF BOSTON II, LLC,<br><br>       Debtor. | **Chapter 11**<br>**Case No. 15-12099** |
| In re:<br><br>PREMIER LASER SPA OF CINCINNATI, LLC,<br><br>       Debtor. | **Chapter 11**<br>**Case No. 15-12101** |

16875999

2

| | |
|---|---|
| In re:<br><br>PREMIER LASER SPA OF GREENVILLE, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12105** |
| In re:<br><br>PREMIER LASER SPA OF INDIANAPOLIS, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12106** |
| In re:<br><br>KNOXVILLE LASER SPA, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12094** |
| In re:<br><br>PREMIER LASER SPA OF LOUISVILLE, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12108** |
| In re:<br><br>PREMIER LASER SPA OF PITTSBURGH, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12110** |
| In re:<br><br>PREMIER LASER SPA OF VIRGINIA, LLC,<br><br>Debtor. | **Chapter 11**<br>**Case No. 15-12113** |

16875999

| In re: | |
| --- | --- |
| SYRACUSE LASER SPA, LLC, | **Chapter 11**<br>**Case No. 15-31525** |
| Debtor. | |

| In re: | |
| --- | --- |
| PREMIER LASER SPA OF ORLANDO, LLC, | **Chapter 11**<br>**Case No. 15-12109** |
| Debtor. | |

| In re: | |
| --- | --- |
| PREMIER LASER SPA OF ST. LOUIS, LLC, | **Chapter 11**<br>**Case No. 15-12112** |
| Debtor. | |

| In re: | |
| --- | --- |
| PREMIER LASER SPA OF KANSAS CITY, LLC, | **Chapter 11**<br>**Case No. 15-12107** |
| Debtor. | |

| In re: | |
| --- | --- |
| PREMIER LASER SPA OF RICHMOND, LLC, | **Chapter 11**<br>**Case No. 15-12111** |
| Debtor. | |

| In re: | |
| --- | --- |
| PREMIER LASER SPA OF COLUMBIA, LLC, | **Chapter 11**<br>**Case No. 15-12102** |
| Debtor. | |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

16875999

4

Upon the Motion of Debtors[1] for an Order Directing the Joint Administration of Chapter 11 Cases (the "<u>Motion</u>")[2]; and upon consideration of the Motion and all pleadings related thereto, including the Declaration in Support of Debtors' Chapter 11 Petitions and First Day Pleadings (the "<u>First Day Declaration</u>"); and the Court finding that: (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of Debtors, their estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted in its entirety.

2.      All objections to the Motion or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and disallowed on the merits.

---

[1] Debtors, along with the last four digits of each Debtor's tax identification number are: Turkey Lake, LLC (3488) ("<u>Turkey Lake</u>"); Premier Laser Spa of Albany, LLC (3453) ("<u>Albany Laser Spa</u>"); Cleveland Laser Spa, LLC (5481) ("<u>Cleveland Laser Spa</u>"); Columbus Laser Spa, LLC (3998) ("<u>Columbus Laser Spa</u>"); Lexington Laser Spa, LLC (6290) ("<u>Lexington Laser Spa</u>"); Nashville Laser Spa, LLC (5715) ("<u>Nashville Laser Spa</u>"); Premier Laser Spa of Baltimore, LLC (6976) ("<u>Baltimore Laser Spa</u>"); Premier Laser Spa of Boston, LLC (4240) ("<u>Burlington Laser Spa</u>"); Premier Laser Spa of Boston II, LLC (4998) ("<u>Newton Laser Spa</u>"); Premier Laser Spa of Cincinnati, LLC (7076) ("<u>Cincinnati Laser Spa</u>"); Premier Laser Spa of Greenville, LLC (1316) ("<u>Greenville Laser Spa</u>"); Premier Laser Spa of Indianapolis, LLC (4868) ("<u>Indianapolis Laser Spa</u>"); Knoxville Laser Spa, LLC (2122) ("<u>Knoxville Laser Spa</u>"); Premier Laser Spa of Louisville, LLC (6402) ("<u>Louisville Laser Spa</u>"); Premier Laser Spa of Pittsburgh, LLC (8087) ("<u>Pittsburgh Laser Spa</u>"); Premier Laser Spa of Virginia, LLC (4140) ("<u>Virginia Beach Laser Spa</u>"); Syracuse Laser Spa, LLC (6793) ("<u>Syracuse Laser Spa</u>"); Premier Laser Spa of Orlando, LLC (1227) ("<u>Orlando Laser Spa</u>"); Premier Laser Spa of St. Louis, LLC (2047) ("<u>St. Louis Laser Spa</u>"); Premier Laser Spa of Kansas City, LLC (7938) ("<u>Kansas City Laser Spa</u>"); Premier Laser Spa of Richmond, LLC (4482) ("<u>Richmond Laser Spa</u>"); Premier Laser Spa of Columbia, LLC (3919) ("<u>Columbia Laser Spa</u>").

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

16875999

3.     The above-captioned Chapter 11 Cases are hereby consolidated for procedural

purposes only and shall be jointly administered by the Court pursuant to Bankruptcy Rule

1015(b) and Local Bankruptcy Rule 1015-1.

4.     Nothing contained in the Motion or this Order shall be deemed or construed as

directing or otherwise effecting a substantive consolidation of Debtors' Chapter 11 Cases.

5.     The Chapter 11 Case of Turkey Lake, LLC (Case No. 15-12091) is hereby

designated as the "main" case.  All pleadings and other filings shall be filed on the docket for the

"main" case, except that proofs of claim shall be filed in the case for the specific Debtor against

which the claimant is asserting a claim.

6.     The caption to be used by all parties in all pleadings in the jointly administered

Chapter 11 Cases shall read as follows (including footnote text):

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TURKEY LAKE, LLC, *et al.*,[3]<br><br>Debtors. | **Chapter 11**<br>**Case No. 15-12091 (Main Case)**<br><br>Jointly Administered |

---

[3] Debtors, along with the last four digits of each Debtor's tax identification number are: Turkey Lake, LLC (3488) ("Turkey Lake"); Premier Laser Spa of Albany, LLC (3453) ("Albany Laser Spa"); Cleveland Laser Spa, LLC (5481) ("Cleveland Laser Spa"); Columbus Laser Spa, LLC (3998) ("Columbus Laser Spa"); Lexington Laser Spa, LLC (6290) ("Lexington Laser Spa"); Nashville Laser Spa, LLC (5715) ("Nashville Laser Spa"); Premier Laser Spa of Baltimore, LLC (6976) ("Baltimore Laser Spa"); Premier Laser Spa of Boston, LLC (4240) ("Burlington Laser Spa"); Premier Laser Spa of Boston II, LLC (4998) ("Newton Laser Spa"); Premier Laser Spa of Cincinnati, LLC (7076) ("Cincinnati Laser Spa"); Premier Laser Spa of Greenville, LLC (1316) ("Greenville Laser Spa"); Premier Laser Spa of Indianapolis, LLC (4868) ("Indianapolis Laser Spa"); Knoxville Laser Spa, LLC (2122) ("Knoxville Laser Spa"); Premier Laser Spa of Louisville, LLC (6402) ("Louisville Laser Spa"); Premier Laser Spa of Pittsburgh, LLC (8087) ("Pittsburgh Laser Spa"); Premier Laser Spa of Virginia, LLC (4140) ("Virginia Beach Laser Spa"); Syracuse Laser Spa, LLC (6793) ("Syracuse Laser Spa"); Premier Laser Spa of Orlando, LLC (1227) ("Orlando Laser Spa"); Premier Laser Spa of St. Louis, LLC (2047) ("St. Louis Laser Spa"); Premier Laser Spa of Kansas City, LLC (7938) ("Kansas City Laser Spa"); Premier Laser Spa of Richmond, LLC (4482) ("Richmond Laser Spa"); Premier Laser Spa of Columbia, LLC (3919) ("Columbia Laser Spa").

16875999

6

7.      The Clerk of the Court shall make an entry that reads as follows on the docket of

each case other than the "main" case to reflect the joint administration of these Chapter 11 Cases:

> An order pursuant to Federal rule of Bankruptcy Procedure
> 1015(b) has been entered in this case directing the procedural
> consolidation and joint administration of the chapter 11 cases of
> Turkey Lake, LLC (Case No. 15-12091); Premier Laser Spa of
> Albany, LLC (Case No. 15-12097); Cleveland Laser Spa, LLC
> (Case No. 15-12092); Columbus Laser Spa, LLC (Case No. 15-
> 12093); Lexington Laser Spa, LLC (Case No. 15-12095);
> Nashville Laser Spa, LLC (Case No. 15-12096); Premier Laser
> Spa of Baltimore, LLC (Case No. 15-12098); Premier Laser Spa of
> Boston, LLC (Case No. 15-12100); Premier Laser Spa of Boston
> II, LLC (Case No. 15-12099); Premier Laser Spa of Cincinnati,
> LLC (Case No. 15-12101); Premier Laser Spa of Greenville, LLC
> (Case No. 15-12105); Premier Laser Spa of Indianapolis, LLC
> (Case No. 15-12106); Knoxville Laser Spa, LLC (Case No. 15-
> 12094); Premier Laser Spa of Louisville, LLC (Case No. 15-
> 12108); Premier Laser Spa of Pittsburgh, LLC (Case No. 15-
> 12110); Premier Laser Spa of Virginia, LLC (Case No. 15-15-
> 12113); Syracuse Laser Spa, LLC (Case No. 15-31525); Premier
> Laser Spa of Orlando, LLC (Case No. 15-12109); Premier Laser
> Spa of St. Louis, LLC (Case No. 15-15-12112); Premier Laser Spa
> of Kansas City, LLC (Case No. 15-12107); Premier Laser Spa of
> Richmond, LLC (Case No. 15-15-12111); and Premier Laser Spa
> of Columbia, LLC (Case No. 15-12102).  The case of Turkey
> Lake, LLC (Case No. 15-12091) has been designated as the "main"
> case and, accordingly, should be consulted for all matters affecting
> the chapter 11 case of this debtor.

8.      Debtors are authorized to file, on a consolidated basis, the monthly operating

reports required by the United State Trustee if Debtors determine, after consultation with the

United States Trustee, that consolidated reports would further administrative economy and

efficiency without prejudice to any party in interest and that consolidated reports would

accurately reflect Debtors' business operations and financial affairs.

9.      Within seven (7) days of entry of this Order, Debtors shall submit a supplemental

certified mailing matrix, in conformance with LBR 1007-2, containing only those parties not

previously included on the mailing matrix filed in the "main" case.

16875999

7

10.     Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     The terms and conditions of this Order are effective and enforceable immediately upon its entry.

12.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

###

16875999