| | |
|---|---|
| | Date of Hearing:        November 23, 2015 |
| | Time of Hearing:     11:30 a.m. (Eastern Time) |
| | Objection Deadline:    November 16, 2015 |
| | Hearing Location:              Albany, NY |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TURKEY LAKE, LLC, *et al.*,[1]<br><br>                                        Debtors. | **Chapter 11**<br>**Case No. 15-12091 (REL) (Main Case)**<br><br>Jointly Administered |

# NOTICE OF DEBTORS' MOTION TO APPROVE SALE
# OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
# ENCUMBRANCES, AND INTERESTS UNDER 11 U.S.C. §§ 105 AND 363

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors-in-possession

(collectively, "**Debtors**")[2], by and through their proposed undersigned counsel LeClairRyan, A

Professional Corporation, hereby move (the "**Motion**") the United States Bankruptcy Court for

the Northern District of New York (this "**Court**") for entry of an order (this "**Order**") pursuant

to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6003, and 6004 (i)

authorizing Debtors to sell certain assets of the bankruptcy estate free and clear of liens, claims,

encumbrances, and interests; (ii) finding that the purchasers of such assets are good faith

---

[1] Debtors, along with the last four digits of each Debtor's tax identification number are: Turkey Lake, LLC (3488) ("Turkey Lake"); Premier Laser Spa of Albany, LLC (3453) ("Albany Laser Spa"); Cleveland Laser Spa, LLC (5481) ("Cleveland Laser Spa"); Columbus Laser Spa, LLC (3998) ("Columbus Laser Spa"); Lexington Laser Spa, LLC (6290) ("Lexington Laser Spa"); Nashville Laser Spa, LLC (5715) ("Nashville Laser Spa"); Premier Laser Spa of Baltimore, LLC (6976) ("Baltimore Laser Spa"); Premier Laser Spa of Boston, LLC (4240) ("Burlington Laser Spa"); Premier Laser Spa of Boston II, LLC (4998) ("Newton Laser Spa"); Premier Laser Spa of Cincinnati, LLC (7076) ("Cincinnati Laser Spa"); Premier Laser Spa of Greenville, LLC (1316) ("Greenville Laser Spa"); Premier Laser Spa of Indianapolis, LLC (4868) ("Indianapolis Laser Spa"); Knoxville Laser Spa, LLC (2122) ("Knoxville Laser Spa"); Premier Laser Spa of Louisville, LLC (6402) ("Louisville Laser Spa"); Premier Laser Spa of Pittsburgh, LLC (8087) ("Pittsburgh Laser Spa"); Premier Laser Spa of Virginia, LLC (4140) ("Virginia Beach Laser Spa"); Syracuse Laser Spa, LLC (6793) ("Syracuse Laser Spa"); Premier Laser Spa of Orlando, LLC (1227) ("Orlando Laser Spa"); Premier Laser Spa of St. Louis, LLC (2047) ("St. Louis Laser Spa"); Premier Laser Spa of Kansas City, LLC (7938) ("Kansas City Laser Spa"); Premier Laser Spa of Richmond, LLC (4482) ("Richmond Laser Spa"); Premier Laser Spa of Columbia, LLC (3919) ("Columbia Laser Spa").

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

17002881

purchasers as contemplated by Section 363(m) of the Bankruptcy Code and are entitled to the protections afforded to good faith purchasers by Section 363(m); (iii) the sales were conducted in good faith and at arm's length; and (iv) granting the relief requested therein together with such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion (the "**Hearing**") will be conducted on **November 23, 2015 at 11:30 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel can be heard, before the Honorable Robert E. Littlefield, Jr., United States Bankruptcy Judge for the Northern District of New York, or such other judge as may be sitting in his stead, at the United States Bankruptcy Court for the Northern District of New York, located within the James T. Foley U.S. Courthouse, 445 Broadway, Suite 306, Albany, New York, 12207.

**PLEASE TAKE FURTHER NOTICE** that in accordance with Local Rule 9013-1(g), answering papers, if any, to the Motion, must be filed with the Court **no later than seven (7) days before** the Hearing and shall be served upon (i) counsel for Debtors at the address set forth below, (ii) the Office of the United States Trustee for the Northern District of New York, (iii) Debtors' twenty (20) largest unsecured creditors as set forth in the mailing matrix; and (iv) any party that has requested Notice pursuant to Bankruptcy Rule 2002.

Dated: October 30, 2015
      Rochester, New York        **LECLAIRRYAN, A Professional Corporation**

By:    */s/Maureen T. Bass*
Maureen T. Bass, Bar Roll No. 518404
70 Linden Oaks, Suite 210
Rochester, New York 14625
Tel: (585) 270-2100
Fax: (585) 270-2179
maureen.bass@leclairryan.com

*Proposed Counsel to Debtors and Debtors-in-Possession*

2

17002881

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TURKEY LAKE, LLC, *et al.*,[1]<br><br>Debtors. | **Chapter 11**<br>**Case No. 15-12091 (REL) (Main Case)**<br><br>Jointly Administered |

**DEBTORS' MOTION TO APPROVE SALE OF ASSETS FREE**
**AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,**
**AND INTERESTS UNDER 11 U.S.C. §§ 105 AND 363**

The above-captioned debtors and debtors-in-possession (each a "**Debtor**" and, collectively, "**Debtors**"), by and through their proposed undersigned counsel, hereby submit this motion (the "**Motion**") for authority to sell certain assets of the bankruptcy estates free and clear of liens, claims, encumbrances, and interests under 11 U.S.C. §§ 105 and 363. In support of this Motion, Debtors rely on the Declaration of Edward Naylon in Support of Debtors' Chapter 11 Petitions and First Day Pleadings [Docket No. 14] (the "**First Day Declaration**") and the Declaration of Michael Linehan in Support of Debtors' Motions executed on October 29, 2015 (the "**Linehan Declaration**"), and respectfully represent as follows:

---

[1] Debtors, along with the last four digits of each Debtor's tax identification number are: Turkey Lake, LLC (3488) ("Turkey Lake"); Premier Laser Spa of Albany, LLC (3453) ("Albany Laser Spa"); Cleveland Laser Spa, LLC (5481) ("Cleveland Laser Spa"); Columbus Laser Spa, LLC (3998) ("Columbus Laser Spa"); Lexington Laser Spa, LLC (6290) ("Lexington Laser Spa"); Nashville Laser Spa, LLC (5715) ("Nashville Laser Spa"); Premier Laser Spa of Baltimore, LLC (6976) ("Baltimore Laser Spa"); Premier Laser Spa of Boston, LLC (4240) ("Burlington Laser Spa"); Premier Laser Spa of Boston II, LLC (4998) ("Newton Laser Spa"); Premier Laser Spa of Cincinnati, LLC (7076) ("Cincinnati Laser Spa"); Premier Laser Spa of Greenville, LLC (1316) ("Greenville Laser Spa"); Premier Laser Spa of Indianapolis, LLC (4868) ("Indianapolis Laser Spa"); Knoxville Laser Spa, LLC (2122) ("Knoxville Laser Spa"); Premier Laser Spa of Louisville, LLC (6402) ("Louisville Laser Spa"); Premier Laser Spa of Pittsburgh, LLC (8087) ("Pittsburgh Laser Spa"); Premier Laser Spa of Virginia, LLC (4140) ("Virginia Beach Laser Spa"); Syracuse Laser Spa, LLC (6793) ("Syracuse Laser Spa"); Premier Laser Spa of Orlando, LLC (1227) ("Orlando Laser Spa"); Premier Laser Spa of St. Louis, LLC (2047) ("St. Louis Laser Spa"); Premier Laser Spa of Kansas City, LLC (7938) ("Kansas City Laser Spa"); Premier Laser Spa of Richmond, LLC (4482) ("Richmond Laser Spa"); Premier Laser Spa of Columbia, LLC (3919) ("Columbia Laser Spa").

17003317

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final Order consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), and Rules 2002, 6003, 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

### A.  General Background

4. On October 20, 2015 (the "**Petition Date**"), Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York (the "**Court**"), commencing their chapter 11 cases (collectively, the "**Chapter 11 Cases**"). On the Petition Date, Debtors also jointly filed motions for applications seeking certain typical "first day" orders.

5. On October 22, 2015, the Court entered an Order directing the joint administration of the Chapter 11 Cases [Docket No. 29] (the "**Joint Administration Order**"). Specifically, in the Joint Administration Order, the Court ordered that the Chapter 11 Cases were consolidated for procedural purposes and would be jointly administered by the Court pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Bankruptcy Rules for the Northern District of New York (the "**Local Rules**").

6. Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

17003317

7. As of the date of the filing of this Motion, no request for a trustee or examiner has been made in any of Debtors' Chapter 11 Cases, nor has an official committee been appointed or designated in any of Debtors' Chapter 11 Cases.

8. The factual background relating to Debtors' commencement of these Chapter 11 Cases is set forth in the First Day Declaration and incorporated herein by reference.

B. **Assets to be Sold**

9. Debtors have formulated an ongoing plan to merge and consolidate certain of the locations that Debtors operate (the "**Merger Plan**") to achieve their goals of reducing administrative costs and increasing profitability. Pursuant to the Merger Plan, Debtors ceased operations at several locations and vacated the premises out of which Debtors operated such stores.

10. As a result of the Merger Plan and consolidations, including the cessation of operations at certain of their locations, Debtors currently have an excess inventory of lasers. The lasers formerly used at such locations are no longer required for the operation of Debtors' businesses.

11. In order to maximize return, prior to the Petition Date, Debtors sought and located buyers for the excess inventory of lasers.

12. The market for and value of Debtors' lasers has been significantly impacted by the chapter 7 bankruptcy proceedings of ALC Holdings LLC d/b/a American Laser Centers, *et al.* in the United States Bankruptcy Court for the District of Delaware (Case No. 11-13853), where the chapter 7 trustee liquidated numerous lasers that were property of the estate.

13. Notwithstanding the excess inventory of available lasers, Debtors found certain buyers.

3

14. As set forth below, Cleveland Laser Spa, Burlington Laser Spa, and Knoxville Laser Spa have agreed to sell a total of four (4) lasers to NY Laser Outlet, LLC ("Laser Outlet"), subject to approval of the Court. Also as set forth below, Newton Laser Spa has agreed to sell one (1) laser to CosmeticLasers.com Inc. ("CosmeticLasers.com"), subject to approval of the Court.

15. Specifically, Cleveland Laser Spa, Burlington Laser Spa, Knoxville Laser Spa, and Newton Laser Spa have agreed to sell the following lasers (the "Lasers") to Laser Outlet and CosmeticLasers.com in exchange for the following consideration:

| Laser | Serial Number | Seller | Buyer | Purchase Price |
|---|---|---|---|---|
| GentleLase Laser | 9914-0883-3229 | Cleveland Laser Spa | NY Laser Outlet, LLC | $16,500 |
| GentleLase Laser | 9914-0880-5955 | Burlington Laser Spa | NY Laser Outlet, LLC | $17,000 |
| GentleLase Laser | 9914-0880-5858 | Knoxville Laser Spa | NY Laser Outlet, LLC | $18,000 |
| GentleYag Laser | 9914-0950-0674 | Burlington Laser Spa | NY Laser Outlet, LLC | $14,000 |
| GentleLase Laser | 9914-0880-5866 | Newton Laser Spa | CosmeticLasers.com Inc. | $25,000 |

16. Thus, if the Court approves the foregoing sales, Debtors will receive total consideration of $90,500. The funds generated by such sales will be used by Debtors to fund the continued operations of their businesses.

17. The key terms of the sales to Laser Outlet and CosmeticLasers.com include:

- Laser Outlet and CosmeticLasers.com are purchasing the Lasers as is, where is, and with all faults.

4

17003317

- The total purchase prices of $65,500 for the lasers sold to Laser Outlet and $25,000 for the laser sold to CosemticLasers.com are payable at closing.

- The Lasers will be conveyed free and clear of all liens, claims, encumbrances, and interests.

18. Upon information and belief, the Lasers are unencumbered.

**C.  Sale Order**

19. The sales contemplated herein shall be subject to the entry of a Sale Order (as defined below), which Debtors request as containing certain findings, conclusions, and decrees, including but not limited to:

- Laser Outlet and CosmeticLasers.com are good faith purchasers, as contemplated by Section 363(m) of the Bankruptcy Code and are entitled to the protections afforded to good faith purchaser by Section 363(m).

- The sales were conducted in good faith and at arm's length.

- Laser Outlet and CosmeticLasers.com shall have no liability by virtue of being the purchasers to any individual or entity with notice of this Motion, or otherwise bound under applicable law by the Sale Order, for any claims in the nature of fraudulent transfers, successor liability, alter ego claims or merger in fact.

- The Lasers shall be sold free and clear of all liens, claims, encumbrances, and interests with all valid liens, claims, encumbrances, and interests to attach to the proceeds of the sale to the same extent, validity, and priority that existed on the Petition Date.

- The sale and transfer of the Lasers to Laser Outlet and CosmeticLasers.com are approved.

- The sale and transfer of the Lasers to Laser Outlet and CosmeticLasers.com are not subject to the stay provided for by Bankruptcy Rule 6004(h).

**RELIEF REQUESTED**

20. By this Motion, Debtors seek entry of an Order substantially in the form attached hereto as **Exhibit A** (the "**Sale Order**"), authorizing Debtors to sell the Lasers to Laser Outlet and CosmeticLasers.com free and clear of all liens, claims, encumbrances, and interests.

5

## BASIS FOR THE RELIEF REQUESTED

**A.     The Sales are Authorized by Section 363(b)(1) of the Bankruptcy Code**

21.     Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In applying Section 363(b)(1), the Second Circuit has required that the sale of a debtor's assets be based upon the sound business judgment of the debtor. *See In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge reviewing a Section 363(b) motion must find from the evidence presented a good business reason to grant such motion); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (same). In determining whether a sufficient business justification for the sale is present, the bankruptcy judge

> should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

*Lionel Corp.*, 722 F.2d at 1071.

22.     If approved, the sale of the Lasers will generate cash in exchange for assets that constitute excess inventory of Debtors and are no longer required for the operation of Debtors' businesses. Debtors believe that the prompt sale of the Lasers will maximize the value of the assets of their estates for the benefit of creditors because (i) the Lasers are no longer being

utilized in the ongoing business of Debtors, (ii) absent a sale, the value of the Lasers will depreciate, (iii) the American Laser Centers bankruptcy limits the number of potential purchasers of the Lasers, and (iv) the proceeds of the sale will be used to continue Debtors' operations maximizing the potential recovery for unsecured creditors.  Under these circumstances, sound business reasons exist to justify the sale of the Lasers outside of the ordinary course of business.

**B.**     **Protections as Good Faith Purchasers**

23.    Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under Section 363(b) is later reversed or modified on appeal.  Specifically, Section 363(m) provides that "[t]he reversal or modification on appeal of an authorization under [Section 363(b)] does not affect the validity of a sale . . . to an entity that purchased . . . such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal."  11 U.S.C. § 363(m).  Section 363(m) fosters the policy of "afford[ing] finality to judgments by protecting good faith purchasers, the innocent third parties who rely on the finality of bankruptcy judgments in making their offers and bids."  *Reloeb Co. v. LTV Corp. (In re Chateaugay Corp.)*, No. 92 Civ. 7054, 1993 WL 159969, at *3 (S.D.N.Y. May 10, 1993) (quotation omitted).  "Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."  *Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997).

24.    The sales to Laser Outlet and CosmeticLasers.com are the product of arm's length, good faith negotiation.  No evidence of fraud, collusion between the Laser Outlet and CosmeticLasers.com and other bidders or Debtors, or an attempt to take grossly unfair advantage

7

of other bidders is present in this case. Accordingly, Debtors' request that the Court make a finding that the sales to Laser Outlet and CosmeticLasers.com were at arm's length and are entitled to the protections of Section 363(m) of the Bankruptcy Code.

C. **Sales Free and Clear of Liens, Claims, Encumbrances, and Interests**

25. Pursuant to Section 363(f), a debtor-in-possession may sell property of the estate "free and clear of any interest in such property of an entity other than the estate" if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)(1)-(5).

26. Given that Section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will permit the sale of property free and clear of liens, claims, encumbrances, and interests. *See* 11 U.S.C. § 363(f). Here, the requirements of Section 363(f) of the Bankruptcy Code are satisfied because (i) any interest in the Lasers is in bona fide dispute and (ii) any entity that may claim a lien, encumbrance, or interest in the Lasers could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. Accordingly, Debtors submit that the sales of the Lasers free and clear of all liens, claims, encumbrances, or interest satisfy the statutory prerequisites of Section 363(f) of the Bankruptcy Code.

8

## WAIVER OF STAY

27. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). In light of the current circumstances and financial condition of Debtors, Debtors believe that in order to maximize value, the sales of the Lasers should be consummated as soon as practicable. Accordingly, Debtors request that the Sale Order be effective immediately upon entry of such order and the fourteen (14) day stay under Bankruptcy Rule 6004(h) be waived.

## NOTICE

28. Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee for the Northern District of New York; (ii) counsel for Debtors' prepetition secured lender; (iii) all creditors; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Debtors respectfully submit that no further notice is required.

## NO PRIOR REQUEST

29. No prior request for the relief sought in this Motion has been made to this or any other Court.

17003317

WHEREFORE, Debtors respectfully request that the Court grant their Motion and enter the Sale Order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing Debtors to sell certain assets of the bankruptcy estate free and clear of liens, claims, encumbrances, and interests; (ii) finding that the purchasers of such assets are good faith purchasers as contemplated by Section 363(m) of the Bankruptcy Code and are entitled to the protections afforded to good faith purchasers by Section 363(m); (iii) the sales were conducted in good faith and at arm's length; and (iv) granting the relief requested therein together with such other and further relief as the Court deems just and proper.

Dated: October 30, 2015
Rochester, New York

**LECLAIRRYAN, A Professional Corporation**

By:   */s/Maureen T. Bass*
Maureen T. Bass, Bar Roll No. 518404
70 Linden Oaks, Suite 210
Rochester, New York 14625
Tel: (585) 270-2100
Fax: (585) 270-2179
maureen.bass@leclairryan.com

*Proposed Counsel to Debtors and Debtors-in-Possession*

10

17003317