IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| TURKEY LAKE, LLC, *et al.*, | BK No. 15-12091 (REL) |
| Debtor. | Jointly Administered |
| | Hon. Robert E. Littlefield, Jr. |

### RESPONSE TO UNSECURED CREDITOR TRUSTEE'S OBJECTION TO ALLOWANCE OF CLAIM NO. 6 AND CLAIM NO. 48 FILED BY AKTIV DEVELOPMENT, LLC

Administrative Claimant AKTIV Development ("AKTIV"), by and through its attorneys, Amigone, Sanchez & Mattrey, LLP, Arthur G. Baumeister, Jr., Esq., of Counsel, by and for its response (the "Response"), to the Unsecured Creditor Trustee's Objection to Allowance of Claim No. 6 and Claim No. 48 Filed by AKTIV Development, LLC (the "Objection"), respectfully states and shows the Court as follows:

1. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (b)(2)(B), and (b)(2)(O). Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. As an initial matter, AKTIV does not dispute that Claim No. 6 filed in the Premier Laser Spa of Cincinnati, LLC, case, and Claim No. 48 filed in the Turkey Lake, LLC, case, are duplicative based upon the Unsecured Creditor Trustee's representation

that, in accordance with the Joint Administration Order, proofs of claim shall be filed in the case for the specific Debtor against which the Claimant is asserting a claim. It appears that Claim No. 48 filed in the Turkey Lake, LLC, case should be disallowed.

3. However, the Debtor's objection to Claim No. 6, filed in the Premier Laser Spa of Cincinnati, LLC, case should be overruled in its entirety.

4. Claim No. 6, filed in the Premier Laser Spa of Cincinnati, LLC, case by AKTIV relates to prepetition amounts due under the Sublease entered into with AKTIV, including rejection damages.

5. Pursuant to Code section 502(b)(6),

> The claim of the landlord for damages resulting from termination of a lease of real estate is limited to the rent reserved by the lease, without acceleration, for the greater of either one year or 15 percent, not to exceed three years, of the remaining lease term following the earlier of the petition date or the date on which the landlord repossessed or the lessee debtor surrendered the property. In addition, the landlord is afforded a claim for any unpaid rent due under a lease, without acceleration, as of either the date of the filing of the petition or the date on which the landlord repossessed the premises or the lessee surrendered them, whichever is earlier.

4-502 *Collier on Bankruptcy* ¶502.03[7][a] (16th Ed. 2016).

6. In support of the amounts sought pursuant to its Claim No. 6, AKTIV submits the Declaration of Francis R. Victa in Response to Unsecured Creditor Trustee's

Objection to Allowance of Claim No. 6 and Claim No. 48 Filed by AKTIV Development, LLC (the "Victa Declaration").  The Victa Declaration is attached as Exhibit A.

7. As set forth more fully in the Victa Declaration, AKTIV properly calculated its claim for damages pursuant to both the calculus set forth in Code section 502(b)(6) and the terms of the Sublease, at the time it originally submitted Claim No. 6.

WHEREFORE, AKTIV respectfully requests that the Court (a) overrule the Objection in its entirety; (b) grant an Order allowing the AKTIV Claim No. 6 in its entirety; and (c) granting such other and further relief as the Court deems just and proper.

DATED:   Buffalo, New York
         August 12, 2016

**AMIGONE, SANCHEZ & MATTREY, LLP**

By:   /s/ Arthur G. Baumeister, Jr.
      Arthur G. Baumeister, Jr., of Counsel
      Attorneys for the Debtor
      Office and P.O. Address
      1300 Main Place Tower
      350 Main Street
      Buffalo, New York  14202
      Phone:  (716) 852-1300