Date of Hearing:    August 24, 2016
Time of Hearing:    10:30 a.m.
Hearing Location:   Albany, NY

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **TURKEY LAKE, LLC, ET AL.**[1] | Case No. 15-12091 (REL) |
| | **Jointly Administered** |
| **Debtors.** | |

**RESPONSE OF WP GLIMCHER INC. TO UNSECURED CREDITOR
TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN SATISFIED CLAIMS
(DOCKET NO. 349) AND REQUEST FOR IMMEDIATE PAYMENT OF CURE CLAIM**

WP Glimcher Inc., as managing agent for the owner of the property identified herein

("WP Glimcher"), by its undersigned counsel, submits this (a) response (this "Response") to

*Unsecured Creditor Trustee's First Omnibus Objection to Certain Claim Replaced by Amended*

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number are: Turkey Lake, LLC (3488) ("Turkey Lake"); Premier Laser Spa of Albany, LLC (3453) ("Albany Laser Spa"); Cleveland Laser Spa, LLC (5481) ("Cleveland Laser Spa"); Columbus Laser Spa, LLC (3998) ("Columbus Laser Spa"); Lexington Laser Spa, LLC (6290) ("Lexington Laser Spa"); Nashville Laser Spa, LLC (5715) ("Nashville Laser Spa"); Premier Laser Spa of Baltimore, LLC (6976) ("Baltimore Laser Spa"); Premier Laser Spa of Boston, LLC (4240) ("Burlington Laser Spa"); Premier Laser Spa of Boston II, LLC (4998) ("Newton Laser Spa"); Premier Laser Spa of Cincinnati, LLC (7076) ("Cincinnati Laser Spa"); Premier Laser Spa of Greenville, LLC (1316) ("Greenville Laser Spa"); Premier Laser Spa of Indianapolis, LLC (4868) ("Indianapolis Laser Spa"); Knoxville Laser Spa, LLC (2122) ("Knoxville Laser Spa"); Premier Laser Spa of Louisville, LLC (6402) ("Louisville Laser Spa"); Premier Laser Spa of Pittsburgh, LLC (8087) ("Pittsburgh Laser Spa"); Premier Laser Spa of Virginia, LLC (4140) ("Virginia Beach Laser Spa"); Syracuse Laser Spa, LLC (6793) ("Syracuse Laser Spa"); Premier Laser Spa of Orlando, LLC (1227) ("Orlando Laser Spa"); Premier Laser Spa of St. Louis, LLC (2047) ("St. Louis Laser Spa"); Premier Laser Spa of Kansas City, LLC (7938) ("Kansas City Laser Spa"); Premier Laser Spa of Richmond, LLC (4482) ("Richmond Laser Spa"); Premier Laser Spa of Columbia, LLC (3919) ("Columbia Laser Spa").

*Claims* (Docket No. 349) (the "Claim Objection") and (b) request for the immediate payment of Cure Amount (defined below).[2] In support of this Response, WP Glimcher respectfully states:

## BACKGROUND

1. On October 20, 2015, the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (this "Court").

2. WP Glimcher is the owner of, or the managing agent for the owner of, the property known as Keystone Shoppes located in Indianapolis, Indiana, in which the Debtors lease retail space (the "Leased Premises") from WP Glimcher pursuant to a written lease agreement (the "Lease").

3. The Leased Premises is located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On December 31, 2015, WP Glimcher timely and properly filed a proof of claim with this Court (Claim No. 17) asserting an unsecured claim in the amount of $3,666.58 (the "Claim").

5. On February 22, 2016 WP Glimcher timely and properly amended the Claim to reflect the then current pre-petition and post-petition amounts due and owing by the Debtors to WP Glimcher in the amount of $8,182.95 (the "Amended Claim").

6. On January 22, 2016, the Debtors filed the *Joint Plan of Reorganization for Turkey Lake, LLC, et al.* (Docket No. 259) (the "Joint Plan") and *Disclosure Statement for Turkey Lake, LLC, et al. for Chapter 11 Plan of Reorganization* (Docket No. 260) (the

---

[2] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Joint Plan.

2

"Disclosure Statement"). In the Joint Plan, the Debtors proposed to assume or reject certain executory contracts and unexpired leases pursuant to a schedule to be filed as a supplement to the Joint Plan at a later date.

7. On February 11, 2016, the Debtors filed the *Notice of (I) Debtors' Intent to (A) Assume and Assign, or (B) Reject Certain Executory Contracts and Unexpired Nonresidential Leases and (II) Cure Amounts* (Docket No. 285) (the "Notice"). Pursuant to the Notice, the Debtors intended to assume or assume and assign the Lease to the Reorganized Debtor (or assignee) and proposed a cure amount for the Lease of $4,479.77 (the "Proposed Cure Amount").

8. WP Glimcher timely and properly objected to the Proposed Cure Amount on February 22, 2016 (Docket No. 291). The Debtors and WP Glimcher were subsequently able to resolve the dispute regarding the Proposed Cure Amount and agreed upon a cure amount of $3,703.18 (the "Cure Amount") as indicated in the *Order Granting Final Approval of Debtors' Disclosure Statement and Confirming Debtors' Joint Plan of Reorganization* entered by the Court on March 16, 2016 (Docket No. 305) (the "Confirmation Order").

9. Pursuant to the Joint Plan, the Cure Amount was required to be paid to WP Glimcher on April 1, 2016, the Effective Date of the Joint Plan.

10. To date, neither the Debtors nor the Reorganized Debtor have paid the Cure Amount to WP Glimcher as required by the Confirmation Order.

11. On June 14, 2014, the Unsecured Creditor Trustee filed the Claim Objection contending that pursuant to the Debtors' books and records the Amended Claim had been satisfied.

**RESPONSE**

12. The Unsecured Creditor Trustee's Claim Objection as it relates to the Amended Claim is without merit.

13. The Unsecured Creditor Trustee argues in the Claim Objection that WP Glimcher's Amended Claim has been satisfied based on a review of the Debtors' books and records. *See* Giordano Decl. (Docket No. 376).

14. However, after counsel to WP Glimcher advised counsel to the Unsecured Creditor Trustee that WP Glimcher had not been paid the Cure Amount and requested proof of payment, by email dated August 16, 2016, counsel to the Unsecured Creditor Trustee confirmed that "the Debtors' books and records reflect that they did not pay the cure amount."

15. As of the filing of this Response, WP Glimcher has not been paid the Cure Amount which was due and owing to WP Glimcher on April 1, 2016 and, thus, the Amended Claim has not been satisfied.

16. Accordingly, the Unsecured Creditor Trustee's objection to the Amended Claim must be overruled.

17. Because the Debtors and the Reorganized Debtors have failed to pay the Cure Amount to WP Glimcher in accordance with the Confirmation Order, WP Glimcher requests that this Court compel the immediate payment of the Cure Amount.

**RESERVATION OF RIGHTS**

18. WP Glimcher reserves any and all rights to supplement or amend this Response and expressly reserves the right to object to any additional relief sought by the Unsecured Creditor Trustee, the Debtors, or the Reorganized Debtor in connection with the Lease and payment of the Cure Amount.

## CONCLUSION

WHEREFORE, WP Glimcher respectfully requests that this Court enter an order: (a) overruling the Claim Objection; (b) requiring the Claim Amount to be immediately paid to WP Glimcher, with interest, in accordance with the terms of the Lease; and (c) granting WP Glimcher such other and further relief as this Court deems just and appropriate under the circumstances.

Date:   August 17, 2016                                                  Respectfully submitted,

 

                                                **FROST BROWN TODD LLC**

By:   */s/ Ronald E. Gold*
       Ronald E. Gold, Esq.
       Ohio Bar No. 0061351
       Erin P. Severini
       Ohio Bar No. 0091487
       New York Bar No. 4311387
       3300 Great American Tower
       301 East Fourth Street
       Cincinnati, Ohio 45202
       Tel.: 513-651-6800
       Fax: 513-651-6981
       Email: rgold@fbtlaw.com
               eseverini@fbtlaw.com

**COUNSEL FOR WP GLIMCHER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Response of WP Glimcher Inc. to Unsecured Creditor Trustee's First Omnibus Objection to Certain Satisfied Claims* was sent via ECF Noticing to all parties receiving ECF Noticing in these chapter 11 cases and via ordinary mail to those parties listed below on this 17th day of August, 2016.

>  /s/ Ronald E. Gold
>  Ronald E. Gold, Esq.

Maureen T. Bass, Esq.
LeClairRyan, PC
70 Linden Oaks, Ste. 210
Rochester, NY 14625

Kevin Purcell
Office of the United States Trustee
74 Chapel Street, Ste. 200
Albany, NY 12207

Michael Linehan
Turkey Lake, LLC
1163 Pittsford-Victor Road, Ste. 150
Pittsford, NY 14534

0028924.0632458   4837-6616-8118v3